IN THE SUPREME COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, *ex rel.* KATHLEEN JENNINGS, Attorney General of the State of Delaware,

　　　Plaintiff Below,
　　　Appellant,

v.

WALGREEN CO. and WALGREEN EASTERN CO., INC.,

　　　Defendants Below,
　　　Appellees.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

No. 500, 2019

Court Below–Superior Court of the State of Delaware

C.A. No. N18C-01-223

Submitted: December 4, 2019
Decided: December 11, 2019

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## <u>**ORDER**</u>

Upon consideration of the notice of interlocutory appeal, the supplemental notice of appeal, their exhibits, and the Superior Court's order denying the State of Delaware's motion for certification of an interlocutory appeal, it appears to the Court that:

(1)　The State has petitioned this Court under Supreme Court Rule 42 to accept an interlocutory appeal from a Superior Court decision granting, without prejudice, the motion to dismiss filed by Defendants Walgreen Co. and Walgreen Eastern Co., Inc. (collectively, "Walgreens").

(2)    The State filed the underlying action against certain pharmaceutical manufacturers, pharmaceutical distributors, and pharmacies, seeking damages resulting from their alleged misconduct relating to the handling of prescription opioids.  Relevant here, the complaint alleged negligence on the part of Walgreens. Walgreens moved to dismiss the complaint.  The Superior Court concluded that the state and federal regulatory scheme preempted certain common law negligence claims but did not preempt a medical malpractice claim.[1]  Because the complaint was not accompanied by an affidavit of merit ("AOM") as required by Delaware law for medical malpractice claims,[2] the Superior Court dismissed the claims sounding in medical negligence and allowed the State the opportunity to submit an AOM.[3]  In April 2019, the State filed an amended complaint, accompanied by an AOM.  Walgreens again moved to dismiss.  At oral argument on August 1, 2019, the Superior Court found that the allegations of harm and causation contained in the State's AOM were insufficient to support a medical malpractice claim.[4] Accordingly, the Superior Court granted Walgreens' motion to dismiss without prejudice and granted the State leave to amend its AOM.  The State filed a motion for reargument, which the court denied on September 25, 2019.

---

[1] *State v. Purdue Pharma L.P.*, 2019 WL 446382, at *11 (Del. Super. Ct. Feb. 4, 2019).
[2] 18 Del. C. § 6853.
[3] *Purdue Pharma*, 2019 WL 446382, at *11.
[4] State's Supplemental Notice of Appeal, Exhibit J, at pp. 63-68.

2

(3)     On November 12, 2019,[5] the State asked the Superior Court to certify an interlocutory appeal from the court's August 1, 2019 bench ruling.  The State maintained that the court's order decided a substantial issue of material importance.[6]  The State also argued that the following Rule 42(b)(iii) factors weighed in favor of granting interlocutory review:  the interlocutory order involves a question of law resolved for the first time in the State,[7] the decisions of the trial courts are in conflict,[8] and the court's decision relates to the construction of a Delaware statute.[9]  Walgreens opposed the application, arguing that the State's request was untimely, the State had failed to show that the likely benefits of interlocutory review would outweigh the probable costs,[10] and the State's application failed to satisfy the requirements of Rule 42(b)(iii).

(4)     On December 4, 2019, the Superior Court denied the State's application for certification of an interlocutory appeal.  Although the Superior Court agreed with the State that its ruling had decided a substantial issue of material importance—a threshold consideration under Rule 42(b)(i)—it nevertheless concluded that interlocutory review was not warranted, a conclusion

---

[5] In the interim, the Superior Court stayed the proceedings on September 26, 2019, for thirty days.  It appears from the exhibits to the State's notice of appeal that the stay was further extended by the implicit agreement of the parties through November 6, 2019.
[6] Del. Supr. Ct. R. 42(b)(i).
[7] Del. Supr. Ct. R. 42(b)(iii)(A).
[8] Del. Supr. Ct. R. 42(b)(iii)(B).
[9] Del. Supr. Ct. R. 42(b)(iii)(C).
[10] Del. Supr. Ct. R. 42(b)(iii).

the court reached only after balancing the Rule 42(b)(iii) factors. We agree with the Superior Court's decision.

(5) Applications for interlocutory review are addressed to the sound discretion of the Court.[11] Giving due weight to the trial court's analysis and in the exercise of our discretion, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Superior Court's decision do not exist in this case,[12] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[13]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[11] Del. Supr. Ct. R. 42(d)(v).
[12] Del. Supr. Ct. R. 42(b)(ii).
[13] Del. Supr. Ct. R. 42(b)(iii).